**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Dana Cimera
28 Liberty St. 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

**JOSEPHSON DUNLAP, LLP**
Michael A. Josephson (*Pro Hac Vice forthcoming*)
Andrew W. Dunlap (*Pro Hac Vice forthcoming*)
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

KATIE BRAIN, Individually and for Others
Similarly Situated,

v.

THE EXECU|SEARCH GROUP, LLC

Case No. 22 Civ. 8219

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

1.      Katie Brain (Brain) brings this lawsuit to recover unpaid overtime wages and other damages from The Execu|Search Group, LLC (ESG or Defendant) under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL).

2.      Instead, Defendant improperly classified Brain and other workers like her as exempt employees and paid them a salary with no overtime compensation.

3.      Brain brings this collective action to recover unpaid overtime and other damages.

4.      Brain also brings this action on behalf of herself and all other similarly situated workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 et seq. ("NYLL").

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims.

6.     Venue is proper in this Court because Brain performed work for Defendant in this District and Division.

## THE PARTIES

7.     Brain worked for Defendant as a Recruiter from approximately March 2019 until July 2021.

8.     Throughout her employment, Brain was classified as an exempt employee and paid a salary with no overtime compensation.

9.     Her written consent is attached as Exhibit A.

10.    Brain brings this action on behalf of herself and all other similarly situated workers who worked for or on behalf of Defendant in the medical industry, who were classified as exempt from overtime, and who were paid a salary.

11.    Brain and the workers like her were paid a fixed salary and did not receive overtime pay for hours that they worked over 40 hours in a workweek in accordance with the FLSA.

12.    First, Brain represents a class of similarly situated employees under the FLSA pursuant to 29 U.S.C. § 216(b). The FLSA class is defined as:

> **All current and former Recruiters of Defendant who, at any point in the past three (3) years, were paid a salary. ("FLSA Class Members").**

13.    Second, Brain represents a class of similarly situated employees under the NYLL pursuant to Federal Rule of Civil Procedure 23. The New York Class is defined as:

> **All current and former New York Recruiters of Defendant who, at any point in the past 6 years and 228 days[1], were paid a salary (the "New York Class Members").**

---

[1] The statute of limitations was tolled 228 days due to Governor Cuomo's Executive Order 202.8 (2020) and subsequent orders Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55.1, 202.60, and 202.67. In total, the Executive Orders were effective and implemented tolling for 228 days, from March 20, 2020 until November 3, 2020. *See McLaughlin v. Snowlift Inc.*, 71 Misc. 3d 1226(A) (Sup. Ct., Kings County 2021) (calculating that, together, the Executive Orders lasted 228 days).

14.     Collectively, the FLSA Class Members and New York Class Members are referred to as the "Putative Class Members."

15.     ESG is a foreign limited liability corporation headquartered in New York City and may be served with process by serving its registered agent C/O Corporation Service Company, 80 State Street, Albany, NY 12207.

COVERAGE UNDER THE FLSA

16.     At all relevant times, Defendant was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17.     At all relevant times, Defendant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18.     At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, and personal protective equipment - that have been moved in or produced for commerce.

19.     At all relevant times, Defendant had an annual gross volume of sales made in excess of $500,000.

20.     At all relevant times, Brain and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

21.     At all relevant times hereinafter mentioned, Defendant treated Brain and the Putative Class Members as employees and applied similar pay practices to Brain and the Putative Class Members.

3

## FACTS

22.     ESG provides employment and staffing solutions for the medical industry throughout the United States, including in New York.

23.     ESG partners with hundreds of healthcare facilities and staffs physicians, nurse practitioners, nurses, and other healthcare professionals.

24.     To provide these services, ESG employs Recruiters, like Brain.

25.     Many of the individuals who worked for ESG were paid a salary and misclassified as exempt employees, and these individuals make up the Putative Class. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work.  The duties the Putative Class Members perform and performed make clear that these individuals are non-exempt and are entitled to overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

26.     For example, Brain worked for ESG as a Recruiter during the relevant time period in New York. Throughout her employment with ESG, she was classified as an exempt employee and paid a salary with no overtime compensation.

27.     As a Recruiter, Brain regularly worked more than 40 hours each week without receiving overtime compensation as required by the FLSA and NYLL.

28.     On average, Brain estimates she worked approximately 45-50 hours or more each week.

29.     As a Recruiter, Brain (and other Recruiters) performed non-exempt job duties including calling potential employees for placement into companies that contracted with ESG, searching for potential candidates on the Internet, and reviewing candidates' resumes.

30.     Defendant did not track the hours worked by the Recruiters.

31.     Brain and the Putative Class Members perform the same or similar job duties and were subjected to the same or similar policies and procedures that dictate the day-to-day activities performed by each person.

32.     Brain and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

33.     The work Brain performed was an essential and integral part of ESG's core business.

34.     Being a recruiter does not require specialized academic training as a standard prerequisite.

35.     Brain and the Putative Class Members did not have any supervisory or management duties.

36.     To the extent the Recruiters make "decisions," such decisions do not require the exercise of independent discretion and judgment.

37.     Instead, the Recruiters apply well-established techniques and procedures and use established standards to evaluate any issues.

38.     Recruiters do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

39.     Recruiters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

40.     With these job duties, the Recruiters are clearly non-exempt employees under the FLSA.

41.     ESG does not pay its Recruiters overtime for hours worked in excess of 40 in a single workweek.

42.     Instead, ESG pays these workers a base salary.

43.     At all relevant times, Brain and the Recruiters worked for Defendant throughout the United States, including many in New York.

44.     As a result of Defendant's pay policies, Brain and the Putative Class Members were denied the overtime pay required by federal law, because these workers are, for all purposes, employees performing non-exempt job duties.

45.     ESG keeps accurate records of the hours, or at least the days, its Recruiters work.

46.     ESG also keeps accurate records of the amount of pay its Recruiters receive.

47.     Because Brain and ESG's other Recruiters were misclassified as exempt employees by ESG, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

48.     Defendant was and is aware of the overtime requirements of the FLSA.

49.     Defendant nonetheless fails and failed to pay certain salaried employees, such as Brain, overtime.

50.     Brain and the Putative Class Members all perform and performed job duties in furtherance of the medical industry and are all subjected to similar compensation practices.

51.     Brain and the Putative Class Members also work similar hours and are denied overtime because of the same illegal pay practice.

52.     Brain and the Putative Class Members regularly work in excess of 40 hours each week.

53.     Defendant pays Brain and the Putative Class Members on a salary basis.

54.     Defendant fails to pay Brain and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

55.     Defendant's decision to withhold overtime compensation from these non-exempt workers was not a decision made in good faith.

56.     Defendant knew or acted with reckless disregard for whether Brain and the Putative Class Members were paid on a salary basis or were exempt from the FLSA overtime requirements.

57.     Defendant's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

58.     Defendant's illegal salary-only misclassification policy extends beyond Brain.

59.     The illegal pay practices Defendant imposed on Brain were likewise imposed on the Putative Class Members working for, or on behalf of, Defendant.

60.     Numerous individuals were victimized by Defendant's pattern, practice, and policy, which is in willful violation of the FLSA.

61.     Based on her experiences and tenure with Defendant, Brain is aware that such illegal practices were imposed on the members of the Putative Class.

62.     Brain and the Putative Class Members like her were all improperly classified as salaried, exempt employees and not afforded overtime compensation when they worked in excess of forty hours per week.

63.     Defendant's failure to pay wages and overtime compensation at the rates required by federal law results from generally applicable, systematic policies, and practices that are not dependent on the personal circumstances of any of the Putative Class Members like Brain.

64.     Brain's experiences are therefore typical of the Putative Class Members who worked for, or on behalf of, Defendant.

65.     The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

66.     Brain has no interests contrary to, or in conflict with, the members of the Putative Class Members. Like each member of the Putative Class Members, Brain has an interest in obtaining the unpaid overtime wages owed under federal law.

67.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

68.     Absent this action, the Putative Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA.

69.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

70.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Putative Class Members and provide for judicial consistency.

71.     Brain's claims are similar to the claims of the Putative Class Members who worked for, or on behalf of, Defendant who were improperly classified as salaried, exempt employees, and not afforded overtime compensation. Brain and the Putative Class Members sustained damages arising out of Defendant's illegal and uniform employment policy.

72.     Brain knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

73.     Even if the number of hours worked by the workers like Brain varies, the proof and method for calculating damages is common.

74.     Further, there is no detraction from the common nucleus of liability facts.

75.     The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

76.     There are more than fifty members of the New York Class.

77.     Brain's claims are typical of those claims that could be alleged by any member of the New York Class Members, and the relief sought is typical of the relief which would be sought by each member of the New York Class Members in separate actions.

78.     Brain and the New York Class Members have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class Members.

79.     Brain is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

80.     Brain is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

81.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

82.     Common questions of law and fact exist as to the New York Class Members that predominate over any questions only affecting Brain and/or each member of the New York Class individually and include, but are not limited to, the following:

    a.   whether Defendant correctly compensated Plaintiff and the New York Class
         Members for hours worked in excess of 40 per workweek;

b.   whether Defendant failed to furnish Plaintiff and the New York Class Members with proper time of hire notices, as required by the NYLL; and

c.   whether Defendant failed to furnish Plaintiff and the New York Class Members with accurate statements with every payment of wages, as required by the NYLL.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – VIOLATION OF THE FLSA

83.   Brain incorporates by reference all other paragraphs.

84.   Defendant have violated, and are violating, section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating the FLSA Class Members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

85.   Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Class Members overtime compensation.

86.   Defendant's failure to pay overtime compensation to these FLSA Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

87.   Accordingly, Brain and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION – FAILURE TO PAY WAGES UNDER THE NYLL

88.   Brain incorporates by reference all other paragraphs.

89.   Brain brings this case as a Rule 23 Class action for the New York Class Members consisting of: "All current and former New York Recruiters of Defendant who, at any point in the past 6 years and 228 days, were paid a salary."

90.     Defendant failed to pay premium overtime wages to Brain and the New York Class Members in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, including but not limited to 12 NYCRR Part 142.

91.     Defendant's failure to pay proper premium overtime wages for each hour worked over 40 in a single week was willful within the meaning of New York Labor Law § 198.

92.     Defendant's failure to comply with the NYLL minimum wage and overtime protections caused the New York Class Members to suffer loss of wages and interest thereon.

93.     In light of Defendant's longstanding and ongoing violations of the NYLL and applicable regulations, Defendant's failure to pay current employees their wages due has caused and is causing irreparable injury to the New York Class Members who are currently employed by Defendant, and unless enjoined, will cause further irreparable injury, leaving the New York Class Members with no adequate remedy at law.

### THIRD CAUSE OF ACTION – FAILURE TO PROVIDE PROPER TIME OF HIRE NOTICE UNDER THE NYLL

94.     Brain incorporates by reference all other paragraphs.

95.     Defendant have failed to supply Plaintiff and the New York Class Members with a proper time of hire wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

96.     Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiff and the New York Class Members are entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION – FAILURE TO PROVIDE PROPER ACCURATE WAGE STATEMENTS UNDER THE NYLL

97.     Brain incorporates by reference all other paragraphs.

98.     Defendant failed to supply Plaintiff and the New York Class Members with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

99.     Due to Defendant's violations of NYLL, Article 6, § 195(3), Plaintiff and the New York Class Members are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

### **RELIEF SOUGHT**

100.    Brain prays for judgment against Defendant as follows:

   a.   For an order certifying a class action under Rule 23 for the purposes of the claims under New York law;

   b.   Designation of Plaintiff as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

c.   For an order certifying this case as a collective action for the purposes of the FLSA claims;

d.   For an order finding Defendant liable for violations of state and federal wage laws with respect to Brain and all Class Members covered by this case;

e.   For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Brain and all Class Members covered by this case;

f.   For a judgment awarding statutory penalties of fifty dollars for each workday that Defendant failed to provide Brain and the New York Class Members with proper time of hire wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

g.   For a judgment awarding statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Brain and the New York Class Members with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

h.   For a judgment awarding Brain and all Class Members covered by this case their costs of this action;

i.   For a judgment awarding Brain and all Class Members covered by this case their attorneys' fees;

j.   For a judgment awarding Brain and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

k.   For all such other and further relief as may be necessary and appropriate.

Dated:  September 26, 2022

Respectfully submitted,

*/s/ Dana Cimera*
Dana M. Cimera

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

**Michael A. Josephson**\*
Texas State Bar No. 24014780
**Andrew Dunlap**\*
Texas State Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
*\*pro hac vice application forthcoming*

**AND**

**Richard J. (Rex) Burch**\*
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
*\*pro hac vice application forthcoming*

**ATTORNEYS IN CHARGE FOR PLAINTIFF**