USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/28/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATIE BRAIN, *individually and for others similarly situated*,

Plaintiff,

-against-

THE EXECU-SEARCH GROUP, LLC,

Defendant.

1:22-cv-8219 (MKV)

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Katie Brain ("Brain") brings this putative collective and class action asserting claims under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and New York Labor Law ("NYLL"), premised on allegations that she did not receive overtime compensation while employed by Defendant The Execu|Search Group, LLC ("ESG").[1] ESG moves to dismiss Brain's Second Amended Collective and Class Action Complaint ("SAC") for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND[2]

ESG is a specialized staffing company that provides employment and staffing solutions to the medical industry. SAC ¶¶ 1, 31. Brain was employed by ESG from approximately March 2019 to July 2021 in the position of Recruiter. *Id.* ¶ 13. As a Recruiter, Brain recruited and staffed medical personnel to healthcare organizations. *Id.* ¶ 57. ESG classified Brain as an exempt

---

[1] ESG was renamed The Tandym Group, LLC in June 2022. [ECF No. 39 at 1 n.1]. This Opinion refers to Defendant as ESG, as named in the Second Amended Collective and Class Action Complaint. [ECF No. 30].

[2] The Court draws its facts from the SAC [ECF No. 30], the factual allegations of which are accepted as true for purposes of resolving this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

employee. *Id.* ¶¶ 14, 44. Brain was paid an "advance commission" in the form of a monthly flat amount, and she received no overtime compensation. *Id.* ¶¶ 44, 45. Although labeled an "advance commission," Brain alleges that this monthly flat payment was "more akin to a salary than a bona fide commission." *Id.* ¶ 46. Relying on pay records submitted by Opt-in Plaintiff AnNur Barnett, Brain alleges that because "more than half" of Recruiters' total earnings did not consist of properly defined commissions, Recruiters were misclassified as exempt employees, and instead should have been classified as non-exempt. *Id.* ¶ 49. However, Brain and other Recruiters "regularly worked more than 40 hours each week without receiving overtime compensation as required by the FLSA and NYLL." *Id.* ¶ 52. "On average, Brain and Barnett estimate working 45-50 hours or more each week." *Id.* ¶ 53.

**PROCEDURAL HISTORY**

Brain initiated this action by filing a Complaint asserting claims under the FLSA and the NYLL. [ECF No. 1]. Following the initial exchange of documents related to Brain's compensation, the parties stipulated that Brain would file an amended complaint. [ECF No. 19], and thereafter Brain filed the First Amended Complaint. [ECF No. 20]. Pursuant to this Court's Individual Rules of Practice in Civil Cases, ESG filed a pre-motion letter in anticipation of a motion to dismiss the First Amended Complaint. [ECF No. 23]. In response, Brain moved for leave to amend her First Amended Complaint to address the alleged defects raised in ESG's pre-motion letter, to which ESG consented. [ECF No. 28]. The Court granted Brain's request. [ECF No. 29].

Brain filed the operative Second Amended Collective and Class Action Complaint, asserting two claims, one each for ESG's failure to pay overtime wages under the FLSA and under the NYLL. [ECF No. 30]. ESG again filed a pre-motion letter regarding its anticipated motion to dismiss the SAC. [ECF No. 32]. Brain filed a letter in opposition. [ECF No. 35]. In response to

these letters, the Court issued an Order granting ESG leave to file a motion to dismiss the SAC, but first granting Brain an opportunity to amend her complaint once again in response to ESG's arguments. [ECF No. 36]. The Court noted that "[t]his will be Plaintiff's last opportunity to amend in response to any issue raised in the parties' pre-motion letters." [ECF No. 36]. Brain filed a letter notifying the Court that she did not intend to further amend the SAC in response to any issue raised in the pre-motion letters. [ECF No. 37].

ESG moved to dismiss the SAC [ECF No. 38], filing a memorandum of law in support [ECF No. 39 ("Def. Mem.")]. Brain opposed the motion. [ECF No. 40 ("Pl. Opp.")]. ESG filed a reply in further support of its motion. [ECF No. 43 ("Def. Reply")].

## LEGAL STANDARD

### I. Rule 12(b)(6): Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the complaint contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### II. FLSA Overtime Claims

Section 207(a)(1) of the FLSA requires that "for a workweek longer than forty hours," an employer must compensate an employee working any excess hours beyond forty "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "Employees who are entitled to, but improperly denied, overtime—including employees who are

misclassified as exempt from the overtime requirement—may sue to recover 'unpaid overtime compensation . . . and . . . an additional equal amount as liquidated damages.'" *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 113–14 (2d Cir. 2023) (quoting 29 U.S.C. § 216(b)).

In a case asserting a violation of the FLSA's overtime provisions, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). A plaintiff must "provide sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference that [she] worked more than forty hours in a given week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). Allegations that an employee "regularly worked" more than forty hours per week are merely legal conclusions that constitute "little more than a paraphrase of the statute" and do not, standing alone, establish a plausible overtime claim. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (internal quotation marks omitted); *Herrera*, 84 F.4th at 114 ("It is not enough to allege that the plaintiff worked in excess of forty hours 'in some or all workweeks.'" (quoting *Dejesus*, 726 F.3d at 90)). However, a "plaintiff need not keep 'careful records' of the number of hours worked each week or calculate and 'plead their hours with mathematical precision.'" *Herrera*, 84 F.4th at 114 (quoting *Dejesus*, 726 F.3d at 90). In *Herrera v. Comme des Garcons, Ltd.*, the Second Circuit recently clarified that, consistent with its opinions in *Lundy*, *Nakahata*, and *Dejesus*, "[w]here [a plaintiff] plausibly allege[s] that they worked more than forty hours per week as part of their regularly scheduled workweek"—in other words, each week—"they have adequately stated a

claim under the FLSA and need not list the specific workweeks during which they worked more than forty hours." *Id.* at 112, 116.[3]

"Determining whether a plausible [FLSA] claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy*, 711 F.3d at 114 (quoting *Iqbal*, 556 U.S. at 679).

**DISCUSSION**

ESG argues that Brain's FLSA claim must be dismissed because Brain fails adequately to plead that she worked in excess of forty hours per week. *See* Def. Mem. 5–10. ESG next argues that, to the extent Brain has stated an FLSA claim, she has failed to allege willfulness as required to invoke the FLSA's exceptional three-year statute of limitations. *See id.* at 11–12. ESG further argues that any claim accruing between the date of Brain's hiring and September 26, 2019 is categorically time-barred, as occurring three years prior to Brain's filing of the initial Complaint. *See id.* at 12. Finally, ESG urges the Court to decline to exercise supplemental jurisdiction over Brain's NYLL claim, and otherwise seeks dismissal of the NYLL claim for failure to state a claim. *See id.* at 12–14.

## I. Brain Adequately Alleges an FLSA Overtime Claim

ESG argues that Brain has failed to state an FLSA overtime claim because she alleges only that she "regularly" or "on average" worked in excess of forty hours per week. *See id.* at 5–10. ESG emphasizes that Brain "fails to identify a single workweek where she allegedly worked more

[3] The parties do not address *Herrera* in their memoranda of law, as the Second Circuit's opinion was issued in October 2023, after this motion became fully briefed.

than 40 hours, nor does she provide with any specificity her weekly hours worked or amounts paid." *Id.* at 8.

ESG is correct that Brain's allegation that she "regularly" worked over forty hours per week might, standing alone, fail to satisfy the pleading standard in FLSA overtime cases. *See Dejesus*, 726 F.3d at 89–90; *see also, e.g.*, *Ramirez v. Temin & Co., Inc.*, No. 20 CIV. 6258 (ER), 2021 WL 4392303, at *18 (S.D.N.Y. Sept. 24, 2021). However, ESG glosses over Brain's allegations that she worked a schedule of over forty hours per week not only "regularly" (in the sense of "typically" or "ordinarily"), but that she did so "*each*" week. *Compare* Def. Reply 2–3 ("[N]owhere does Ms. Brain's Complaint allege that she worked uncompensated overtime during *every* week of her employment."), *with* SAC ¶ 52 (Brain "regularly worked more than 40 hours *each* week without receiving overtime compensation as required by the FLSA and NYLL" (emphasis added)); *id.* ¶ 53 ("On average, Brain and Barnett estimate working 45-50 hours or more *each* week." (emphasis added)), *id.* ¶ 77 (Brain and other Recruiters "worked in excess of 40 hours in *each* workweek" (emphasis added)); *id.* ¶ 82 (Brain and members of the putative class "regularly work in excess of 40 hours *each* week" (emphasis added)).

These allegations, although sparse in detail, are sufficiently specific to support Brain's claim that she was entitled to overtime under the FLSA, because her "regularly scheduled workweek for a given period of time included more than forty hours of work, so that [she was] eligible for overtime during *every* week in which [she] worked [her] regular schedule." *Herrera*, 84 F.4th at 117. Although Brain does employ the word "regularly" several times throughout her pleading, *see* SAC ¶¶ 52, 82, drawing inferences in the light most favorable to Brain, as the Court is required to do on this motion, Brain plausibly alleges that she in fact worked in excess of forty hours *each and every* week. *Id.* ¶¶ 52–53. Such allegations adequately state an FLSA overtime claim under the Second Circuit's precedent. *See Herrera*, 84 F.4th at 117; *DiGiovanni v. Ergoteles*

*LLC*, No. 22-CV-09118 (PGG)(SN), 2023 WL 8716893, at *4 (S.D.N.Y. Oct. 23, 2023) (following *Herrera*, allegations that plaintiff "worked five days per week, that her hours varied, up to 65 hours per week, and that Defendants did not pay Plaintiff premium overtime for hours worked in excess of 40 hours per week" adequately pleaded an FLSA violation (internal quotation marks omitted)); *see also, e.g.*, *Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162, 168–69 (E.D.N.Y. 2018) ("Here, the Plaintiffs are not merely claiming that they 'occasionally,' 'typically,' or 'regularly' worked more than 40 hours in some weeks," but rather "50-55 hours during *every single week* of their employment. . . . These allegations clearly satisfy the Second Circuit's" precedent. (emphasis added)) (collecting cases); *Martinez v. Triumph Constr. Corp.*, No. 21-CV-4137 (JPO), 2022 WL 861847, at *3 (S.D.N.Y. Mar. 22, 2022) (allegations that plaintiff "worked 60–84 or more hours each week for the entirety of his employment with Defendants" adequately stated an FLSA overtime claim); *Hobbs v. Knight-Swift Transp. Holdings, Inc.*, No. 21 CIV. 1421 (AT), 2022 WL 118256, at *4 (S.D.N.Y. Jan. 12, 2022) (allegations that plaintiffs "worked 24 hours per day every day of their employment" sufficed to plead an FLSA claim).

Moreover, Brain does not merely allege that she worked over forty hours per week, each week, but additionally provides an estimate of her overtime hours: she alleges that she worked "45-50 hours or more each week," *i.e.*, five to ten weekly hours in overtime. SAC ¶ 53. Although a plaintiff is not required to estimate their overtime to state an FLSA claim, the Court finds that Brain's "approximation of overtime hours worked . . . help[s] draw [her] claim closer to

plausibility." *Nakahata*, 723 F.3d at 201 n.10 (internal quotation marks omitted) (quoting *Lundy*, 711 F.3d at 114 n.7).

Accordingly, the Court DENIES ESG's motion to dismiss Brain's FLSA overtime claim at the pleading stage.

**II. Brain Fails to Allege Willfulness**

ESG argues that even if the Court finds that Brain plausibly states an FLSA overtime claim, such claim is temporally overbroad because Brain invokes the FLSA's extended three-year statute of limitations but has failed to allege ESG's willfulness, as she must to do so. *See* Def. Mem. 11–12; Def. Reply 5–9. An FLSA action must be commenced "within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a); *see Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 318 (2d Cir. 2021). As to her FLSA claim, Brain purports to represent a class of "ESG Recruiters who, at any point in the past three (3) years, were paid a salary or 'advanced commission.'" SAC ¶ 21.

"An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by'" the FLSA. *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). In "adopt[ing] a two-tiered statute of limitations, . . . Congress intended to draw a significant distinction between ordinary violations and willful violations" of the FLSA. *McLaughlin*, 486 U.S. at 132. As a result, "willfulness operates as an independent element of claims for *willful* violation of the FLSA." *Whiteside*, 995 F.3d at 322. In the Second Circuit, "the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage. Rather, a plaintiff must allege facts that permit a

plausible inference that the defendant willfully violated the FLSA for that exception to apply." *Id.* at 323.

Brain contends that she has adequately alleged willfulness by referencing, in the SAC, a prior legal action in which ESG was alleged to have failed properly to pay a Recruiter. *See* Pl. Opp. 7–9; SAC ¶¶ 121–122. Prior complaints to an "employer regarding an overtime violation are sufficient to put the employer on notice about its obligations under the FLSA and thus establish willfulness." *Eschmann v. White Plains Crane Serv., Inc.*, No. 11-CV-5881 KAM VVP, 2014 WL 1224247, at *6 (E.D.N.Y. Mar. 24, 2014); *see also Ordonez v. A & S Broadway Produce, Inc.*, No. 14-CV-4152 NSR JCM, 2015 WL 5729415, at *2 (S.D.N.Y. Sept. 29, 2015). However, the lawsuit that Brain cites is an action against ESG for breach of an employment agreement, violations of provisions of the NYLL that relate to payment of commissions and unlawful deductions, and violations of Florida labor and common law—*not* violations of the FLSA's overtime provisions. *See Cohen v. The Execusearch Group LLC*, No. 1:21-cv-07686-PAE, First Amended Complaint ¶¶ 54–85 (S.D.N.Y. Oct. 1, 2021), ECF No. 7; Def. Reply 6–7.[4] The fact that ESG plausibly had an awareness that it may have violated *other* employment laws by virtue of allegations in an unrelated lawsuit does not compel the inference that ESG knew, or recklessly disregarded that, it was in violation of the FLSA's overtime requirements.

Brain has not otherwise pleaded facts to support an inference that ESG knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA. Her allegations of ESG's willfulness are wholly conclusory. Brain alleges that "ESG's failure to pay overtime to [Brain and

---

[4] The Court may take judicial notice of a pleading in another lawsuit as a public record. *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000); *see also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)."); *Agron v. Douglas W. Dunham, Esq. & Assocs.*, No. 02 CIV.10071(LAP), 2004 WL 691682, at *2 (S.D.N.Y. Mar. 31, 2004) ("[M]atters as to which judicial notice may be taken, such as pleadings in other lawsuits and other public records may . . . be considered on a motion to dismiss.").

the putative class members] was, and is, a willful violation of the FLSA." SAC ¶ 87; *see also id.* ¶ 90 ("ESG's pattern, practice, and policy . . . is in willful violation of the FLSA."); *id.* ¶ 116 ("As part of its regular business practice, ESG has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA . . . ."). Brain further alleges that ESG was "aware" of various facts about her employment, including her schedule and job duties. *Id.* ¶¶ 127–130. ESG's alleged awareness of Brain's personnel data, however, does not logically translate to its awareness of the alleged FLSA violations. Brain also alleges that ESG's recklessness is clear because ESG's "substantial investment in compliance could have not resulted in mere ignorance of their flagrant violation of the FLSA." *Id.* ¶ 134. This allegation is speculative and unsupported by facts indicative of ESG's knowledge or reckless disregard of its FLSA overtime obligations.

Finally, Brain maintains that her allegation that "ESG 'failed to keep track of the hours worked by its employees' is itself evidence of a willful violation" and that "[n]o additional detail is required." Pl. Opp. 9–10 (quoting *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 392 (E.D.N.Y. 2012)). The case that Brain quotes in support of this proposition was decided on a motion for summary judgment, upon a fulsome record evincing that the defendant had in fact failed to keep track of employees' hours. *See Berrios*, 849 F. Supp. 2d at 392 ("It is undisputed that [defendant] failed to keep track of the hours worked by its employees . . . ."). In addition, the *Berrios* court noted that the existence of a triable issue of fact as to willfulness was supported by the defendant's failure to track hours *in combination with*, among other facts, its use of an "OT" figure on employees' pay records that was apparently computed without reference to the employees' actual hours. *See id.* Such detailed allegations are wholly absent in the SAC, which simply pleads that "ESG did not track the hours worked." SAC ¶ 48.

Because Brain "fails to allege that [ESG] acted in *any* manner suggesting an awareness that [its] actions violated or could violate the FLSA," her "allegations do not permit a plausible

inference that [ESG] *willfully* violated the statute." *Whiteside*, 995 F.3d at 324. Accordingly, the Court GRANTS ESG's motion to dismiss as to Brain's failure to plead willfulness, and holds that the FLSA's standard, two-year statute of limitations applies.

**III. The FLSA Statute of Limitations Was Not Tolled**

ESG further argues that "under no circumstances can Plaintiff's FLSA claims go back further than September 26, 2019," three years prior to Brain's filing of the initial Complaint in this action. Def. Mem. 12. Because the Court grants ESG's motion to dismiss as to the issue of willfulness, the Court addresses this argument within the context of the FLSA's standard, two-year statute of limitations. As such, ESG would argue that any claim accruing prior to September 26, 2020 is time-barred. Brain contends, in opposition, that the statute of limitations on her FLSA claim was tolled by Executive Orders issued by New York's Governor Cuomo that suspended statutes of limitations during the COVID-19 pandemic (the "Executive Orders"). *See* Pl. Opp. 10.

An FLSA action is commenced "in the case of any individual claimant . . . on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought." 29 U.S.C. § 256(a). Brain's initial Complaint, including her consent attached as an exhibit thereto, was filed on September 26, 2022. [ECF No. 1]. As a result, absent any tolling, Brain cannot maintain an FLSA overtime claim as to any of ESG's conduct occurring prior to September 26, 2020. *See* 29 U.S.C. 255(a).

Executive Order 202.8, issued by Governor Cuomo at the onset of the COVID-19 pandemic, provided that "any specific time limit for the commencement, filing, or service of any legal action" was tolled from March 20, 2020 to April 19, 2020. 9 N.Y.C.R.R. § 8.202.8. Subsequent Executive Orders extended the suspension of statutes of limitations to November 3,

2020. *See* 9 N.Y.C.R.R. § 8.202.72. Brain argues that because of the Executive Orders, the statute of limitations as to her FLSA claim was tolled 228 days. Pl. Opp. 10.[5]

The Executive Orders have no effect on the statute of limitations for Brain's FLSA claim. The statute of limitations in an FLSA action is provided by federal statute. *See* 29 U.S.C. §§ 255, 256. While state tolling rules such as the Executive Orders may apply where the statute of limitations for a federal cause of action is "borrowed" from state law, *see Citi Connect, LLC v. Loc. Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, No. 20 CIV. 5147 (CM), 2020 WL 5940143, at *3–*4 (S.D.N.Y. Oct. 7, 2020) (applying Executive Orders to action brought under Section 301 of the Labor-Management Relations Act, for which "the most appropriate state statute of limitations" applies (internal quotation marks omitted)); *Bowers v. City of Salamanca*, No. 20-CV-1206-LJV, 2021 WL 2917672, at *6 (W.D.N.Y. July 12, 2021) (applying Executive Order 202.8 in 42 U.S.C. § 1983 case, "[b]ecause the Supreme Court wanted section 1983 actions to be subject to state tolling rules" (internal quotation marks omitted)), such rules do not apply where, as here, federal law provides the relevant statute of limitations, *see Weslowski v. Zugibe*, 14 F. Supp. 3d 295, 307 (S.D.N.Y. 2014) (declining to apply New York's tolling of statutes of limitations during Hurricane Sandy in a False Claims Act case, due to federal statute of limitations); *Citi Connect*, 2020 WL 5940143, at *4 (citing *Weslowski*, 14 F. Supp. 3d at 307). Indeed, courts in this District have consistently held that the Executive Orders "do[] not purport to toll, nor could [they], the time periods established by federal law," including under the FLSA. *O'Rourke v. Ehsan Food Corp.*, No. 19-CV-6162 (LJL), 2020 WL 6894663, at *4 (S.D.N.Y. Nov. 24, 2020); *accord Verne v. New York City Dep't of Educ.*, No. 21 CIV. 5427 (JPC), 2022 WL

[5] Brain appears to contend that she pleaded in the SAC that the Executive Orders were applicable to her FLSA claim. *See* Pl. Opp. 10. However, the SAC notes the relevance of the Executive Orders only with respect to Brain's NYLL claim, not as to her FLSA claim. *Compare* SAC ¶ 21, *with id.* ¶ 22 & n.1

4626533, at *6 (S.D.N.Y. Sept. 30, 2022); *Everett v. New York City Dep't of Educ.*, No. 21 CIV. 7043 (JPC), 2022 WL 2342693, at *5 (S.D.N.Y. June 29, 2022); *see Romero v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 21-CV-4951 (LJL), 2022 WL 624451, at *6 (S.D.N.Y. Mar. 2, 2022) ("The Executive Order does not apply to Plaintiffs' FLSA claim.").

Accordingly, Brain cannot maintain an FLSA claim with respect to any of ESG's conduct that occurred before September 26, 2020, *i.e.*, prior to the two-year period preceding her filing of the original Complaint. [*See* ECF No. 1]. The applicable time period with respect to any opt-in plaintiffs' FLSA claims will be determined by reference to the date on which each plaintiff's written consent is filed with the Court. *See* 29 U.S.C. § 256(b).

**IV. The Court Exercises Supplemental Jurisdiction Over Brain's NYLL Claim**

ESG argues that the Court should decline to exercise supplemental jurisdiction over Brain's NYLL claim. Def. Mem. 12–14; Def. Reply 9–10. "The exercise of supplemental jurisdiction is within the sound discretion of the district court. Courts consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction." *Lundy*, 711 F.3d at 117–18 (citation and internal quotation marks omitted). Supplemental jurisdiction is appropriate "in situations when . . . the state law claims are analytically identical to federal claims." *Id.* at 118 (internal quotation marks omitted).

NYLL claims are considered under the same legal framework as FLSA claims. *See Dejesus*, 726 F.3d at 89 n.5; *Lundy*, 711 F.3d at 118; *Ramirez*, 2021 WL 4392303, at *18. Because Brain has stated an FLSA overtime claim, she has stated an NYLL overtime claim, and all relevant factors thus favor the exercise of supplemental jurisdiction. *See, e.g.*, *Hernandez v. Spring Rest Grp., LLC*, No. 17-CV-6084 (AJN), 2018 WL 3962832, at *2 (S.D.N.Y. Aug. 17, 2018)

(exercising supplemental jurisdiction over NYLL claims where court declined to dismiss FLSA claims). Accordingly, the Court DENIES ESG's motion to dismiss Brain's NYLL claim and the Court will exercise supplemental jurisdiction over that claim at this stage of the litigation.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED in part and DENIED in part. ESG's motion to dismiss Brain's FLSA claim in its entirety is DENIED. However, Brain's FLSA claim is limited to conduct occurring in the two years preceding the filing of her initial Complaint, dating back to September 26, 2020, due to Brain's failure to plead willfulness and the inapplicability of the Executive Orders. The Court will exercise supplemental jurisdiction over Brain's NYLL claim. The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 38.

**SO ORDERED.**

**Date: February 28, 2024**
**New York, NY**

Mary Kay Vyskocil
**MARY KAY VYSKOCIL**
**United States District Judge**